IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-76,669-01, WR-76,669-02 & WR-76,669-03






EX PARTE MICHAEL ASIBEY OSEI, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. W03-48341-M(A), W03-48342-M(A) & W03-48343-M(A) 


IN THE 194TH JUDICIAL DISTRICT COURT

FROM DALLAS COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two charges
of aggravated assault of a public servant in a consolidated trial, and one charge of aggravated robbery
in a separate trial. Applicant was sentenced to forty years' imprisonment for each of the aggravated
assault of a public servant cases, to be served consecutively with a fifty-year sentence in the
aggravated robbery case. The Fifth Court of Appeals affirmed his convictions in two separate
opinions. Osie v. State, No. 05-04-00389-CR & 05-04-00390-CR (Tex. App. - Dallas, April 22,
2005), and Osie v. State, No. 05-03-01428-CR (Tex. App. - Dallas, August 24, 2004).

 Applicant contends that he retained counsel to file petitions for discretionary review in all
three cases, but that counsel failed to timely file the petitions, causing Applicant to lose his
opportunity to have this Court consider the merits of his petitions.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. Pursuant to Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain an affidavit from Applicant's retained counsel, Scottie Allen, responding to Applicant's
claims of ineffective assistance of counsel. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether counsel was retained to file petitions
for discretionary review in all three of these cases, and if so, why counsel failed to timely file
compliant petitions in the -01 and -02 causes, and any petition in the -03 cause. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: November 23, 2011

Do not publish